IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KEVIN DEVON PROX**                                                    **PETITIONER**

**v.**                                          **CIVIL ACTION NO.: 3:24-cv-158-KHJ-MTP**

**WARDEN FNU COLBERT**                                  **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on Kevin Devon Prox's Petition for Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the petition, the record, and the applicable law, the undersigned recommends that the Petition [1] be DENIED and that this matter be dismissed without prejudice.

**BACKGROUND**

Kevin Devon Prox ("Petitioner") is an inmate in the custody of the United States Bureau of Prisons ("BOP") serving a 57-month sentence for possession of a firearm by a prohibited person. In the Petition [1],[1] he asserts that his federal sentence has not been properly calculated and that he is entitled to additional credit towards his federal sentence. *See* [1] at 2; [17] at 1.

Warden FNU Colbert ("Respondent") filed a Response [15] arguing, *inter alia*, that the Petition [1] should be dismissed for Petitioner's failure to exhaust his administrative remedies prior to filing this action. *See also* [21]. Petitioner filed a Response in Opposition [17], asserting that he had exhausted his remedies. *See also* [16]. Respondent filed a sur-reply with leave of

---

[1] Petitioner signed his habeas petition on October 11, 2023, and it was stamped filed in the United States District Court Eastern District of Texas on October 13, 2023. On March 18, 2024, the Eastern District of Texas granted the parties' Joint Motion to Change Venue [7], and this case was transferred to this Court.

1

Court to further address the issue of exhaustion, and Petitioner responded. *See* [20] [21] [22]. This matter is now ripe for review.

## ANALYSIS

Before seeking habeas relief under 28 U.S.C. § 2241, a federal inmate must exhaust the administrative remedies made available by the BOP. *See Williams v. Willis,* 765 F. App'x 83 (5th Cir. 2019); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x, 372 (5th Cir. 2008).

While there are exceptions to the exhaustion requirement that may be available "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions "apply only in extraordinary circumstances." *Fuller*, 11 F.3d at 62 (internal citations and quotations omitted); *see also Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *See Mayberry v. Pettiford*, 74 F. App'x, 299 (5th Cir. 2003) (citing *Fuller*, 11 F.3d at 62)).

Respondent, citing 28 C.F.R. § 542.10 *et seq*., points out that the BOP has a multi-step administrative process for resolving prisoner complaints. *See* [15] at 4. Initially, an inmate must attempt to informally resolve the complaint with staff with a Form BP-8. *See* 28 C.F.R. § 542.13(a). Thereafter, the inmate must submit a Request for Administrative Remedy to the warden on a Form BP-9. *Id*. § 542.14. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director on a Form BP-10. *Id*. § 542.15. If the inmate remains

dissatisfied, he may proceed to the final step in the grievance process, an appeal to the BOP's Office of General Counsel on a Form BP-11. *Id*.

A prisoner may consider the absence of a timely response a denial at that level and proceed to the next level. *Id*. § 542.18. As the BOP administrative remedies procedure applies to Petitioner's credit-computation claim asserted in the Petition [1], he is required to exhaust the BOP procedure before pursuing habeas relief in this Court. *See United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010).

Respondent asserts that "Petitioner failed to appropriately file any of the required administrative appeals." [15] at 5. In support, Respondent submitted a declaration of Michael FiggsGanter, an attorney advisor at the Federal Correctional Complex in Yazoo City, Mississippi. *See* [15-2]. According to FiggsGanter, Petitioner "failed to file at any level an administrative remedy request that addresses and/or raises these allegations which are contained in his petition." *Id*. at 2. Respondent also attached as an exhibit a document that states, as of March 20, 2024, "NO REMEDY DATA EXISTS FOR THIS INMATE." [15-3].

For his part, Petitioner asserts that he exhausted his remedies. *See* [16]. Petitioner claims that he went to his "unit manager, case manager, R and D, and the Warden. The Warden refused to even sign my motion and the paperwork sent in for him to sign." *Id*.

Respondent argues that, even if Petitioner "tried to comply with the first two steps by taking paperwork to his case manager and the Warden, he makes no argument he satisfied steps three and four." [21] at 2. The Court agrees.

Even if Petitioner's alleged correspondence with the Warden were considered a grievance, Petitioner did not file an appeal with the Regional Director, nor did he file an appeal with the BOP's Office of General Counsel. Indeed, other than Petitioner's conclusory assertion

that he exhausted his remedies, the record provides no facts demonstrating Petitioner has properly exhausted all available administrative remedies.

Additionally, as noted above and pursuant to 28 C.F.R. § 542.18, if an inmate does not receive a response from the BOP during the administrative process, he may consider the absence of a response to be a denial at that level. *See Peal v. Reiser*, 2023 WL 5285355, at *2 (S.D. Miss. July 31, 2023). Petitioner could have considered the Warden's alleged refusal to respond to any appeal as a denial at that level and then proceed to the next level of the administrative process by filing an appeal to the Regional Director. Yet, Petitioner does not allege any such effort towards exhaustion.

In response to Respondent's sur-reply [21], Petitioner claims that there exist "extraordinary circumstances" for waiving the exhaustion requirement. However, Petitioner only reasserts that he went to his "counselor and unit team to file a BP-8 but was told that I couldn't[,]" and that Petitioner was "denied a BP[-]8 to file on the warden and was told that I could get in a deep situation. Warden Colbert refused to acknowledge or sign and even reply to anything that has to do with this motion." [22] at 3. These allegations, even if true, do not amount to extraordinary circumstances. As noted above, Petitioner had the option to proceed to the next step if he did not receive a response at the previous level. And perhaps more importantly, the administrative remedy process remains open for him to complete.

As previously explained, prisoners are required to exhaust administrative remedies in a procedurally correct manner. "Proper exhaustion demands compliance with the agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91; *see also Tinsley v. Withers*, 2021 WL 3394916, at *2 (S.D. Miss.

4

July 9, 2021). Petitioner did not comply with the BOP's administrative procedural rules and instead attempted to forgo the administrative process by filing his claim directly in this Court after being rebuffed at the initial level.

As the Attorney General has vested the BOP with the authority to determine issues related to the calculation of sentence credits,[2] the BOP should have an opportunity to consider Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in this Court. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention); *Palacios v. Warden, FCI Bastrop*, 2022 WL 1570773, at *3 (W.D. Tex. May 18, 2022) (dismissing petition regarding calculation of petitioner's sentence for failing to exhaust claim with the BOP prior to filing federal habeas petition). As Petitioner has failed to properly exhaust his administrative remedies and has not demonstrated extraordinary circumstances that would warrant a waiver of the exhaustion requirement, the Petition [1] should be denied without prejudice in order that Petitioner may complete the administrative remedy process.[3]

---

[2] *See* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States."); *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the [BOP] determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences.").

[3] Alternatively, Respondent argues that the Petition [1] should be denied on its merits as Petitioner has received all of the credit that he is entitled to towards his federal sentence under 18 U.S.C. §3585(b). However, Petitioner has not exhausted his administrative remedies, and the Court need not address this issue. *See United States v. Wilson*, 503 U.S. 329, 335-36 (1992) ("Federal Courts do not have jurisdiction over grievances related to computation of sentences and sentencing credit until exhaustion of administrative review by the [BOP].").

**RECOMMENDATION**

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and that this matter be dismissed without prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L.U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 27th day of June, 2024.

s/Michael T. Parker<br>United States Magistrate Judge